The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, AR 72753
Dear Representative Hunton:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA" or "act"), which is codified at A.C.A. §§ 25-19-101 through -107 (Repl. 1992 and Supp. 1993). You have asked whether the Northwest Arkansas Airport Authority ("Authority") is required to turn over its list of investors pursuant to the FOIA. You state that the investors contributed to the $10 million in private funds which the Authority had to raise for federal financial commitment. You indicate that the Authority has refused to make the list available.
I assume, as an initial matter, that the Authority is an agency subject to the provisions of the FOIA. See generally A.C.A. § 25-19-103 (Repl. 1992). Although the Authority has stated, according to your correspondence, that the list of investors "[is] not public information," I do not know the specific basis for this response to the FOIA request. Pursuant to A.C.A. § 25-19-103(1), "[a]ll records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records." And pursuant to A.C.A. § 25-19-105(a) (Supp. 1993), "[e]xcept as otherwise specifically provided . . ., all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records." The question in this instance, therefore, is whether the list of investors fits within a specific exception to the FOIA open records requirement. It will be presumed, otherwise, that the records are subject to disclosure. See generally Commercial Printing Co. v. Rush,261 Ark. 468, 549 S.W.2d 790 (1977).
I cannot, in the absence of more information, conclude that an FOIA exemption applies in this instance. A review of A.C.A. § 25-19-105(b) (Supp. 1993), which contains the specific exemptions under the act, fails to yield a clear basis for the refusal to release the requested information. I assume from the copy of the FOIA request that was attached to your correspondence that the list consists of the names of the investors and the amounts invested. This would not, without more, appear to implicate any specific exception. While questions might conceivably arise regarding the so-called "competitive advantage" exception (A.C.A. § 25-19-105(b)(9)), this requires a case-by-case factual determination.[1] I lack sufficient information to make any determination in this regard.
In the absence of any facts or specific information forming a basis for applying any exception to the FOIA, I must conclude, generally, that the investor list is subject to public disclosure. The existence of other relevant facts may, of course, impact this determination. I cannot, however, act as a fact finder. Questions of a factual nature are properly referred to the Authority's local counsel, and may ultimately require judicial resolution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The burden of proving eligibility for this exemption rests with the one seeking nondisclosure. See Gannett River States Publishing Co. v.Arkansas Indus. Dev. Comm'n, 303 Ark. 684, 799 S.W.2d 543 (1990). This office has opined, moreover, that there must be a showing of substantial competitive harm in order to successfully claim the exemption. See,e.g., Op. Att'y Gen. 94-015.